IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA PULLIAM, #A6116377,<br><br>Petitioner,<br><br>vs.<br><br>CIRCUIT COURT OF HAWAII,<br><br>Respondent. | Civil No. 21-00245 LEK-KJM<br><br>ORDER DISMISSING PETITION,<br>DENYING CERTIFICATE OF<br>APPEALABILITY, AND DENYING<br>APPLICATION TO PROCEED IN<br>FORMA PAUPERIS |

### ORDER DISMISSING PETITION, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is pro se Petitioner Joshua Pulliam's ("Pulliam") Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and his Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"), ECF No. 2. For the following reasons, the Petition is DISMISSED without prejudice, any request for a certificate of appealability is DENIED, and Pulliam's IFP Application is DENIED as moot.

## I. BACKGROUND

Pulliam is in pretrial custody at the Oahu Community Correctional Center ("OCCC"). *See* VINE, https://www.vinelink.com/classic/#/home/site/50000 (choose "Find an Offender," then enter "Pulliam" in "Last Name" field and

"Joshua" in "First Name" field) (last visited May 27, 2021).  He is awaiting trial in the Circuit Court of the First Circuit ("circuit court"), State of Hawaii, in *State v. Pulliam*, No. 1CPC-19-0001279 (Haw. 1st Cir. Ct.).[1]  *See* Hawaii State Judiciary, https://www.courts.state.hi.us/ (follow "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," choose "Party Search," then enter "Pulliam" in "Last Name" field and "Joshua" in First Name" field) (last visited May 27, 2021).  Pulliam's trial is currently scheduled for the week of July 19, 2021.  *See Pulliam*, No. 1CPC-19-0001279, Dkt. No. 772.

In the Petition, Pulliam contends that:  (1) the State failed to preserve evidence; (2) the State presented false testimony to the grand jury; (3) his right to a speedy trial has been violated; and (4) the State attempted to bias potential jurors by providing "false information" for a newspaper article.  ECF No. 1 at 4–7.

## II.  DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases, which applies to habeas petitions brought pursuant to 28 U.S.C. § 2241, requires the Court to summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See Pitts v.*

---

[1] The Court takes judicial notice of Pulliam's criminal case.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

*Summerville*, Civ. No. 20-00421 LEK-KJM, 2020 WL 6325705, at *2 (D. Haw. Oct. 28, 2020).

"The doctrine of abstention involves a decision by a federal court to decline to exercise jurisdiction over the underlying claims for reasons of comity." *Washington v. Los Angeles Cnty. Sheriff's Dep''t*, 833 F.3d 1048, 1058 (9th Cir. 2016). A dismissal on jurisdictional grounds curtails an examination of the merits. *Id.*

It is well established that federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *see also Drury v. Cox*, 457 F.2d 74, 764 –65 (9th Cir. 1972) (per curiam) ("Our reading of *Younger* . . . convinces us that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of . . . habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (stating that *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances").

Abstention under *Younger* is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional

challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019). "[E]ven if *Younger* abstention is appropriate, federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo v. Hennessy*, 882 F.3d 763, 765–66 (9th Cir. 2018).

*Younger*'s elements are satisfied here, and no apparent exception or extraordinary circumstance justifies federal intervention. First, Pulliam's criminal proceedings clearly are ongoing; his trial is currently scheduled for the week of July 19, 2021. *See Pulliam*, 1CPC-19-0001279, Dkt. No. 772; *see also Willis v. Sequeira*, Civ. No. 20-00386 LEK-KJM, 2021 WL 1198302, at *4 (D. Haw. Mar. 29, 2021) (concluding that "the first requirement for *Younger* abstention is met because [the petitioner's] state circuit court case is ongoing").

Second, the State of Hawaii has an important interest in enforcing its criminal laws and in maintaining the integrity of its criminal proceedings. *See id.*; *see also McCoy v. Sequeira*, Civ. No. 20-00384 DKW-RT, 2020 WL 5604031, at *3 (D. Haw. Sept. 18, 2020) ("Hawaii has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings.").

Third, there are no apparent procedural bars preventing Pulliam from raising his claims in his criminal proceedings, on direct appeal, or even in a state

post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure.
*See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020
(9th Cir. 1999) ("The 'adequate opportunity' prong of *Younger* . . . requires only
the absence of 'procedural bars' to raising a federal claim in the state
proceedings.").  Indeed, Pulliam has filed numerous motions in circuit court related
to the allegations he raises here.  *See Pulliam*, No.  1CPC-19-0001279, Dkt. Nos.
584, 597, 599, 623, 627, 707, 709.

Fourth, to allow this matter to proceed while a related state criminal case is
pending, particularly where Pulliam's claims may be used as a defense to his
charges (such as his speedy trial claim), would amount to interference in the state
criminal case.  This is precisely what *Younger* prohibits.  *See Chavez v. Wong*, Civ.
No. 18-00417 SOM-RLP, 2018 WL 5796088, at *2 (D. Haw. Nov. 5, 2018)
("Granting [petitioner] the relief he seeks would impermissibly interfere with his
ongoing state criminal trial in a manner inconsistent with *Younger*'s prohibition
against inserting unwarranted federal court oversight into an ongoing state criminal
proceeding.").

Finally, nothing within the record or in the state court docket indicates that
Pulliam's upcoming state criminal trial is being conducted in bad faith or that any
extraordinary circumstance exists.  This Court therefore abstains from interfering
in Pulliam's ongoing state criminal proceedings.  *See*, *e.g.*, *Brown v. Ahern*, 676

F.3d 899, 903 (9th Cir. 2012) ("[T]he rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution[.]").  The Petition, ECF. No. 1, is DISMISSED without prejudice pursuant to the *Younger* abstention doctrine.

### III.  <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a federal court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons set forth above, Pulliam fails to make a substantial showing of the denial of a constitutional right, and the Court DENIES any request for a certificate of appealability.

### IV.  <u>CONCLUSION</u>

(1) Pulliam's Petition, ECF No. 1, is DISMISSED without prejudice pursuant to the *Younger* abstention doctrine.

(2) Any request for a certificate of appealability is DENIED.

(3) Pulliam's IFP Application, ECF No. 2, is DENIED as moot.

(4) The Clerk of Court SHALL close the file and terminate this action.

IT IS SO ORDERED.

DATED:  June 1, 2021 at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSHUA PULLIAM V. CIRCUIT COURT OF HAWAII; CV 21-00245 LEK-KJM; ORDER DISMISSING PETITION, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**